UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN P. S.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00180-JPH-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Justin S. seeks judicial review of the Social Security Administration's decision denying his petition for Disability Insurance Benefits and Supplemental Security Income. He argues that the ALJ made a legal error in determining his Residual Functional Capacity ("RFC") by failing to address the vocational expert's testimony about how much of a workday he could be off task. For the reasons that follow, the ALJ's decision is **REVERSED**.

**I.
Facts and Background**

Plaintiff was 35 years old at the alleged onset date of his disability. Dkt. 13-2 at 28, R.27. Beginning in August 2018, he suffered from PTSD, anxiety, bipolar disease, depression, narcolepsy, sleep apnea, as well as knee and back pain. *Id.* at 70–3, R. 69–72.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on May 29, 2019, with an alleged onset date of August 31, 2018. *Id.* at 18, R. 17. His application was initially denied on August 31, 2019, and on reconsideration on November 15, 2019. *Id.* The Administrative Law Judge then held two hearings on May 21, 2020 and June 2, 2020. *Id.*

On August 4, 2020, the ALJ issued her decision denying benefits. She followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled. Dkt. 13-2 at 20-30, R. 19-29. Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id.* at 20, R. 19.

- At Step Two, he had "the following severe impairments: left knee impairment, obstructive sleep apnea, narcolepsy with cataplexy, bipolar disorder, depression, anxiety, posttraumatic stress disorder (PTSD), and borderline personality disorder." *Id.*

- At Step Three, he did not have "an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments." *Id.* at 21, R. 20.

- After Step Three but before Step Four, he had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional stooping, crouching, and climbing of ramps and stairs; no crawling, kneeling, or climbing of ladders, ropes, or scaffolds; and no exposure to extreme heat, extreme cold, humidity, wetness, vibrations, or hazards, such as unprotected heights or dangerous machinery. He is able to understand, remember, and carry out short, simple, routine instructions. He is able to sustain attention and/or concentration for at least two-hour periods at a time and for eight hours in the workday on short, simple, routine tasks. He cannot perform fast-paced production work, that is no assembly line work. He can tolerate only occasional interaction with supervisors and coworkers and no interaction with the public. The job must not require collaboration or tandem tasks." *Id.* at 23, R. 22.

- At Step Four, he was "unable to perform any past relevant work." *Id.* at 28, R. 27.

- At Step Five, considering his "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy" that Plaintiff can perform. *Id.* at 29, R. 28.

Plaintiff brought this action asking the Court to review the denial of benefits under 42 U.S.C. § 405(g).  Dkt. 1.

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019).  When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision.  *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).  "If a claimant satisfies steps one, two, and three, she will automatically be found disabled.  If a claimant satisfies steps one and two, but not three, then she must satisfy step four."  *Knight v. Chater,* 55 F.3d 309, 313 (7th Cir. 1995).  After step three, but

before step four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe."  *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).  The ALJ uses the RFC at step four to determine whether the claimant can perform his own past relevant work and, if not, at step five to determine whether the claimant can perform other work.  *See* 20 C.F.R. § 404.1520(e), (g).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial.  *Stephens*, 888 F.3d at 327.  When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate.  *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

### III.
### Analysis

Plaintiff argues that the ALJ erred by not addressing the vocational expert's ("VE") testimony about on-task requirements for potential jobs as required by *Lothridge v. Saul*, 984 F.3d 1227 (7th Cir 2021).  Dkt. 15 at 1, 4, 15.  The Commissioner responds that Plaintiff did not present evidence to support the time he is required to be off-task, so the ALJ was not required to address the VE's testimony.  Dkt. 17 at 5.

At the June 2020 hearing, Plaintiff's counsel asked the VE how the ability to stay on task would affect whether there are available occupations:

> Q: Could you please just tell me each of the tolerances to being off task and absent?
> A: Yes. . . .  With regards to off-task behavior, there are eight hours in a workday, approximately 30 minutes

> of that eight hours is taken up with two 15-minute breaks per shift.  Of the remaining time, it's my opinion that you can be off task an additional five percent.  When you add that five percent to the two breaks, that means you cannot exceed roughly ten percent of being off task.

Dkt. 13-2 at 52, R. at 51.  The ALJ then determined in her decision's RFC calculation that Plaintiff had a moderate limitation in concentration, persistence, and pace.  *Id.* at 22–23, R. at 21–22.  She accordingly found that "he is able to sustain attention and/or concentration for at least two-hour periods at a time and for eight hours in the workday on short, simple, routine tasks."  *Id.*  The ALJ then determined that Plaintiff "would be able to perform the requirements of representative occupations such as" warehouse checker, marker, and office helper, relying on the VE's testimony about what Plaintiff's RFC allowed.  *Id.* at 29–30, R. at 29–29.  But the ALJ did not recognize or address the VE's testimony that those jobs would not be available to someone "exceed[ing] roughly ten percent of being off task."  *Id.* at 52, R. at 51.

The Seventh Circuit addressed a similar record in *Lothridge*, 984 F.3d at 1232.  There, the ALJ had found moderate limitations in concentration, persistence, and pace, but that jobs were still available to Ms. Lothridge because she could do basic arithmetic, had friends, drove, shopped, and cared for herself and her family.  *Id.*  The VE, however, had testified that an employee like Ms. Lothridge would "need to be on-task at least 90% of a workday and could be absent only once a month."  *Id.*  The ALJ "neither cited evidence that Lothridge could meet these benchmarks nor addressed the evidence that she

5

could not," so the Seventh Circuit remanded the case back to the Commissioner. *Id.* at 1234–35.

Here, the ALJ failed to address VE testimony that was virtually identical to that in *Lothridge*. *See* dkt. 13-2 at 52, R. at 51. The Commissioner nevertheless argues that the ALJ's determination should be affirmed because Plaintiff fails to support his position with any evidence from the record. Dkt. 17 at 5. But that's not relevant in this situation because the ALJ's findings themselves support the VE's testimony: the ALJ found a moderate limitation in concentration, persistence, and pace that meant that Plaintiff may not be able to sustain attention for more than two-hour periods. Dkt. 13-2 at. 23, R. at 22. The Commissioner argues that there's not necessarily an inconsistency between a moderate limitation and a finding that Plaintiff can stay on task. Dkt. 17 at 7. That's true, as far as it goes, *see Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021), but the ALJ did not make such a finding. The ALJ "must account for the totality of a claimant's limitations" when determining an RFC. *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020). And the Commissioner cannot now throw out both the limitations that the ALJ found and the VE's testimony even if they're both unsupported by evidence. That would run afoul of the *Chenery* doctrine, under which "the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not

6

embrace." *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)).[2]

Two final points.  First, the ALJ's other findings cannot fill the gap from the VE's testimony.  She cited evidence about Plaintiff's ability to cook, clean, shop, clean himself, and take care of children and himself; his attention, concentration, and memory being "grossly normal" in the course of conversation during a neurology exam; and various mental exams that "describe him as cooperative."  Dkt. 13-2 at 24–27, R. at 23–26.  But "[w]hether [a claimant] is congenial or able to add sums in a short-term encounter or examination has little or no apparent bearing on whether she can maintain pace or stay on task for an entire workday." *Lothridge*, 984 F.3d at 1233.  The ALJ's RFC analysis therefore did not "say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Id.*

Last, the Commissioner's claim that the VE's testimony is irrelevant because it was elicited by Plaintiff's attorney is unpersuasive.  Dkt. 17 at 6.  There is no indication that who asks the VE about on-task requirements is important; indeed, in *Lothridge*, the VE spontaneously testified to the requirements. *Lothridge*, 984 F.3d at 1232.

Here, the ALJ crafted a thorough decision, which is otherwise unchallenged.  Nevertheless, on this specific issue, the ALJ found limitations

---

[2] In his reply to that argument, Plaintiff cites the ALJ's findings, therapy notes, and state-agency reports in support of his moderate limitations in concentration, persistence, and pace.  Dkt. 18 at 4.  For the reasons above, the Court need not address what findings that evidence may support—the ALJ may do so as appropriate on remand.

7

related to concentration, persistence, and pace but did not address the VE's testimony about occupational on-task requirements, so her opinion is "internally inconsistent" and "fail[s] to build a logical bridge between the evidence and the result." *Lothridge*, 984 F.3d at 1234.  Remand is therefore necessary to address this issue.  *Id.*

## IV.
## Conclusion

The Court **REVERSES AND REMANDS** the ALJ's decision denying the Plaintiff benefits.  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/27/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Erin Leigh Brechtelsbauer
SOCIAL SECURITY ADMINISTRATION
erin.brechtelsbauer@ssa.gov

Eric Harris Schepard
Office of the Regional Chief Counsel Region V
eric.schepard@ssa.gov

Timothy J. Vrana
TIMOTHY J. VRANA LLC
tim@timvrana.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov