UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN P. S.,[1] | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00180-JPH-TAB ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO AMEND**

Plaintiff Justin S. sought judicial review of the Social Security Administration's decision denying his petition for Disability Insurance Benefits and Supplemental Security Income. *See* dkt. 1. The Court reversed the benefits denial, holding that the ALJ did not adequately consider testimony from the vocational expert about the time Plaintiff would be off task. Dkt. 20. The Commissioner has filed a motion to amend, arguing that the Court committed "two clear errors of law" in its order and should instead affirm. Dkt. 22.

Federal Rule of Civil Procedure 59(e) allows a motion to alter or amend a judgment within 28 days after the entry of the judgment. "Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case." *Vesey v.*

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

*Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021).  A Rule 59(e) motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available."  *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).  It "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

The Commissioner argues that the Court clearly erred when it (1) "conclud[ed] that an ALJ must discuss hypotheticals posed to a vocational expert" even if no medical evidence supports the hypothetical, and (2) "conclude[d] that a moderate rating in the broad domain of concentration, persistence, or pace inherently constituted specific evidence of an off-task limitation."  Dkt. 22 at 4, 10.  Plaintiff responds that the Court faithfully applied recent Seventh Circuit precedent requiring remand.  Dkt. 23 (relying on *Lothridge v. Saul*, 984 F.3d 1227 (7th Cir. 2021)).

Contrary to the Commissioner's first argument, the Court's order did not conclude that an ALJ must discuss all hypotheticals posed to a VE even if they are unsupported by the record.  *See* dkt. 20.  In fact, the Commissioner does not identify any language in the Court's order reaching that broad conclusion.  *See* dkt. 22 at 4–10.  Instead, the Court first noted that the ALJ did not address the VE's testimony that Plaintiff could not maintain employment if he had to "exceed roughly ten percent of being off task."  Dkt. 20 at 4–5.  The Court then found that the ALJ's own findings made that testimony relevant

2

because the ALJ found that Plaintiff had "a moderate limitation in concentration, persistence, and pace that meant that Plaintiff may not be able to sustain attention for more than two-hour periods."  Dkt. 20 at 6.  The Court explained that the Commissioner could not "throw out" the ALJ's finding because doing so "would run afoul of the *Chenery* doctrine."  *Id.* at 6–7 (Under the *Chenery* doctrine, "the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace.").  The Court therefore concluded that the VE's testimony and the ALJ's findings on concentration, persistence, and pace were "inconsistent," requiring remand "to address this issue."  *Id.* at 7–8.

Put simply, the Court's opinion was specific to the ALJ's findings and the VE's testimony in this case—it did not impose broad requirements on ALJs to discuss *any* hypothetical posed to the VE.  *See id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) ("The inquiry . . . is case by case.").  To be clear, the Court agrees with the Commissioner that ALJs are not "*per se* required to discuss hypotheticals posed to a vocational expert."  Dkt. 24 at 5; *see Jeffrey L. G. v. Kijakazi*, No. 2:20-cv-583-DLP-JRS, 2022 WL 3681789 at *3 (S.D. Ind. Aug. 25, 2022).  But that principle does not show clear error here because the Court's order did not hold otherwise.

That leaves the Commissioner's second argument—that the Court clearly erred by finding that a moderate limitation in concentration, persistence, and pace inherently requires discussion of a potential off-task limitation.  Dkt. 22 at 10–14.  But again, the Court's opinion was not that broad.  Instead, it

3

explicitly acknowledged "that there's not necessarily an inconsistency between a moderate limitation [in concentration, persistence, and pace] and a finding that Plaintiff can stay on task." Dkt. 20 at 6 (citing *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021)). It then relied on one specific finding—the ALJ's finding that under Plaintiff's off-task limitation, he "may not be able to sustain attention for more than two-hour periods." *Id.* at 6 (citing dkt. 13-2 at 23). Because that finding is about sustained attention, it necessarily implicates time off-task even if other concentration, persistence, and pace limitations would not. *See Crump v. Saul*, 932 F.3d 567, 571 (7th Cir. 2019) (holding that the ALJ inadequately addressed how limitations on attention affected required time off-task).

But instead of addressing that issue, the Commissioner relies on the ALJ's finding that Plaintiff's limitations in concentration, persistence, and pace were accommodated by a limitation to "simple, repetitive tasks at a relaxed pace." Dkt. 22 at 11. That finding is insufficient to support the ALJ's decision because it doesn't address Plaintiff's inability "to sustain attention for more than two-hour periods." *See* dkt. 20 at 6. The ALJ never found that would be resolved by doing only "simple, repetitive tasks at a relaxed pace."

In other words, the Commissioner's motion to amend tries to overlook the ALJ's inconvenient findings by relying on her advantageous ones. Even if the inconvenient findings weren't well-supported by evidence, the *Chenery* doctrine demands more. *See Poole v. Kijakazi*, 28 F.4th 792, 796 (7th Cir. 2022) (explaining that when a court has "no way of reconciling" an ALJ's

4

"contradictory findings," *Chenery* requires remand).  The remedy is therefore remand for the ALJ to reexamine the case—including what findings the evidence supports—and reevaluate Plaintiff's limitations in concentration, persistence, and pace.  *See Lothridge*, 984 F.3d at 1234–35.

Because the Commissioner has not shown a manifest error of fact or law, her motion to amend is **DENIED**.  Dkt. [22].

**SO ORDERED.**

Date: 10/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

5